NO. 07-03-0456-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 15, 2005


______________________________



DEREK RAY HANCHETT, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 258TH DISTRICT COURT OF POLK COUNTY;



NO. 16,996; HON. ELIZABETH E. COKER, PRESIDING


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant, Derek Ray Hanchett appeals his conviction for possessing a prohibited
weapon. He pled not guilty. The case was tried to a jury, which found him guilty of the
charge. Thereafter, the trial court assessed punishment at five years imprisonment.
Appellant timely appealed the decision and received appointed counsel. 

 Appellant's counsel has now moved to withdraw, after filing a brief pursuant to
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing
that he searched the record and found no arguable grounds for reversal. The record
illustrates that counsel notified appellant of his right to review the appellate record and file
his own brief or response. Appellant did so, and in it, he asserted that his trial attorney was
ineffective and that the evidence was insufficient because hearsay was introduced to link
him to the crime. 

 Regarding the former allegation, his counsel allegedly 1) failed to visit him, 2) argued
with him, 3) failed to explain procedural matters to him, 4) denied him opportunity to have
input into the jury selection process, 5) failed to object to the jury's composition, and 6)
raised the issue of appellant's competency "to stall and keep me in jail." Each allegation
is conclusory in nature and is not supported by citation to either the record or legal
authority. So too does the record lack either evidence supporting the allegations or
evidence illustrating why counsel did what he did, assuming the allegations are true. See
Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999) (rejecting the claims of
ineffectiveness because the record provided no explanation as to why counsel chose not
to object). Similarly, appellant did not attempt to explain how he was supposedly harmed
by the alleged misconduct, as required by applicable authority. Id. Given these
circumstances, we cannot say that he upheld his burden to establish that trial counsel was
ineffective.

 As to the matter of the admission of hearsay, appellant neglected to inform the court
of the purported hearsay to which he alludes. Moreover, we reviewed the record sua
sponte to determine whether it contained sufficient admissible evidence upon which a
rational jury could conclude beyond reasonable doubt that appellant possessed the weapon
in question. Our review led us to conclude that it did. It also led us to conclude that even
though appellant denied the accusations at trial, that did not overwhelm the evidence
establishing his guilt or render the verdict improper or unjust. 

 In reviewing the record, we also attempted to determine whether there existed any
other possible reversible error per the duty imposed on us by Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). We
found none.

 Accordingly, we agree with appellate counsel's representations concerning the
absence of arguable issues, grant his motion to withdraw, and affirm the judgment of the
trial court. 

 


 Brian Quinn 

 Justice 


Do not publish.